# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION, CINCINNATI

|  |  |
|---|---|
| **KAIVAC, INC.,** | **Case No. 1:19-cv-00410-TSB** |
| Plaintiff, | **Judge Timothy S. Black** |
| vs. | |
| **VINCENT STILLWAGON,** | |
| Defendant. | |

## STIPULATED PROTECTIVE ORDER

Plaintiff Kaivac, Inc. ("Kaivac") and Defendant Vincent Stillwagon ("Stillwagon" or "Defendant") (Plaintiff and Defendant are collectively referred to as the "Parties"), have agreed that, in order to comply with their respective discovery obligations and produce all relevant information, the entry of a protective order is required. The Parties recognize that documents and information produced may be of a confidential or proprietary nature. The revealing or dissemination of such documents or information by whatever means creates a risk that the documents or information will be obtained and used in a manner that would damage the interests of a party or a third-party. Accordingly, the Parties hereby stipulate, and the Court orders, pursuant to Fed. R. Civ. P. 26(c), that the following protective conditions shall apply to the conduct of the Parties as it relates to the production of documents in this litigation.

1. As used herein:

(a) "Action" means the above captioned action, including any related discovery, pre-trial, trial, post-trial, or appellate proceedings.

(b) "Agreement" means the Agreement To Be Bound By Stipulated Protective Order, attached hereto as Appendix A.

(c) "Defendant" means Vincent Stillwagon and his agents, representatives, assignees, attorneys, and/or anyone acting on his behalf.

(d) "Designating Party" means a Party that designates Discovery Material that is or will be produced as "CONFIDENTIAL."

(e) "Disclosed" means shown, divulged, revealed, produced, described, transmitted, or otherwise communicated, in whole or in part.

(f) "Discovery Material" means all items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, documents, data, testimony, transcripts, and tangible objects) that are or have been produced, including for inspection, in this Action. The protections conferred by this Order cover not only Discovery Material but also any information copied or extracted therefrom, copies, excerpts, analysis, summaries, or compilations thereof, as well as testimony and oral conversation between the parties that contain the content of such Discovery Material.

(g) "Document" means documents or electronically stored information as defined in Rule 34(a) of the Federal Rules of Civil Procedure.

(h) "Including" means including, but not limited to.

(i) "Order" means this Stipulated Protective Order.

(j) "Outside Counsel of Record" means the firms or attorneys representing the Parties in this Action.

(k) "Party" means the Plaintiff or Defendant in this Action. "Parties" means collectively the Plaintiff and Defendant in this Action.

(l) "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, trust, or business entity, and includes the named Parties in this Action and others who have agreed to be bound by this Order.

(m) "Plaintiff" means Kaivac, Inc., and its divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents (including counsel), and representatives of the foregoing.

(n) "Protected Material" means all Discovery Material that (i) has been designated by a Party as "CONFIDENTIAL" and (ii) has not been de-designated by the Designating Party or by Court order.

2. This Order governs the handling of all Discovery Material, produced, given, or filed during discovery and other proceedings in this action.

3. The provisions of this Order shall apply to (i) the Parties and (ii) any other Person producing or disclosing Discovery Material in this action who agrees to be bound by the terms of this Order.

4. Any Party may designate as "CONFIDENTIAL" any Discovery Material that it produces, including for inspection, in the course of discovery when such Party in good faith believes such Discovery Material contains trade secrets or sensitive personal, competitive, commercial, financial, proprietary, or private information, which that Party would not normally reveal to third parties or, if Disclosed, would require such third parties to maintain in confidence.

5. The following Discovery Material shall not be designated or protected under this Order:

(a) Information that is in the public domain at the time of disclosure;

(b) Information that at any time is made public through no act of a non-Designating Party;

(c) Information that the Designating Party has not undertaken with others to maintain in confidence and that is in the possession of or becomes available to the receiving Party other than through discovery in this action, but only if the receiving Party can show by written documentation that the information independently came into its rightful possession; or

(d) Information that is independently developed by the receiving Party, as reflected by written documentation demonstrated to be in existence prior to production by the Party claiming confidentiality.

6. Protected Material shall be subject to the following restrictions:

(a) Protected Material shall be used only in the preparation, prosecution, or trial of this Action (including appeals) and not for any business or other purpose whatsoever and shall not be Disclosed to any Person except those to whom it is necessary that such material be given or shown for the purposes permitted under this paragraph, as set forth in paragraphs 6(b) below.

(b) Protected Material designated "CONFIDENTIAL" may be Disclosed, for the purposes set forth above in paragraph 6(a), only to persons identified in paragraphs 6(b)(i)-(vii).

(i) the Parties and/or employees of the Parties who need access to Protected Material designated "CONFIDENTIAL" for the purpose articulated in paragraph 6(a);

(ii) Outside Counsel of Record and employees of said counsel;

(iii) the Court and appellate court (including court reporters, stenographic reporters and court personnel);

(iv) Outside vendors who perform photocopying, computer classification, processing, scanning or similar clerical functions, but only for so long as necessary to perform those services;

(v) authors, addressees, and recipients of particular information designated as Protected Material solely to the extent they have previously had lawful access to the particular Protected Material that was or will be Disclosed; any such Person shall not be permitted to retain copies of the Protected Material;

(vi) independent experts or consultants retained by the Parties or Outside Counsel of Record for the purpose of this litigation; and

(vii) any Person as to whom the Designating Party agrees in writing.

(c) Following the procedures of paragraph 8(d), all pleadings or other court filings that incorporate or Disclose Protected Material shall be labeled "Documents Subject to Protective Order" and filed under seal in accordance with the Local Rule 5.2.1 and/or any order(s) issued by the Court, and shall remain under seal until the Court orders otherwise.

(d) Nothing in this Order shall preclude any Party from introducing Protected Material into evidence at any evidentiary hearing or at trial. However, if anyone intends to introduce or refer to Protected Material at any hearing or trial, the Party wishing to make the disclosure shall first notify the Designating Party and provide that Party with an opportunity to object and/or to ask the Court to take appropriate precautionary procedures (e.g., clearing the Courtroom, sealing the record, etc.).

(e) Notwithstanding any of the foregoing provisions, this Order has no effect upon, and its scope shall not extend to, any Designating Party's use of its own Protected Material.

7. Each Person given access to Protected Material pursuant to the terms hereof (other than Persons described in paragraphs 6(b)(ii) and 6(b)(iii) above, and includes, for the avoidance of doubt, any full-time in-house counsel and legal support personnel of the Parties who are permitted access to Protected Material pursuant to the terms of this Order) must first read this Order or must have otherwise been instructed on his or her obligations under the Order by this Court or counsel for a Party, and must have executed the Agreement attached hereto as Appendix A. If such execution is required by the terms of this Order, the receiving Party's Outside Counsel of Record shall obtain and retain the original Agreements executed by qualified recipients of Discovery Material designated "CONFIDENTIAL." Outside Counsel of Record for the Party making the disclosure must retain a copy of such executed Agreements for a period of at least one (1) year following the final resolution of this Action.

8. Protected Material shall be designated as follows:

(a) In the case of Documents, the producing Party shall mark each page of the Document "CONFIDENTIAL" and indicate the identity of the producing Party (e.g., through the use of an identifying prefix to the document identification (Bates) number). If Documents are produced in electronic form and cannot be physically marked "CONFIDENTIAL," then the Party shall communicate such designation in as clear and unambiguous a manner as possible. With respect to other tangible items such as CDs, DVDs, and computer hard drives a Party shall affix in a prominent place the label or legend "CONFIDENTIAL" and indicate the identity of the

producing Party (e.g., through the use of an identifying prefix to the document identification (Bates) number).

(b) In the case of interrogatory answers, the designation shall be made by placing the legend "CONFIDENTIAL" on each page of any answer that contains Protected Material.

(c) In addition, deposition testimony may be designated "CONFIDENTIAL" by an indication on the record at the deposition, or by written notice of the specific pages and lines of testimony within 14 days after receipt of the transcript of the deposition, that the testimony is "CONFIDENTIAL" and subject to the provisions of this Order. Each Party shall attach a copy of any written notice to all copies of the depositions in its possession, custody or control. All depositions and other testimony shall be treated as Protected Material for a period of at least thirty (30) calendar days after a full and complete transcript of the deposition is available. The Parties may modify this procedure for any particular deposition or other testimony through agreement placed on the record at such deposition, or otherwise in writing, without further order of the Court.

(d) In the event that Outside Counsel of Record for any Party determines to file or submit to the Court any Protected Material, the Party filing or submitting the Protected Material shall first submit a written motion to the Court seeking to restrict public access to the Protected Material pursuant to Local Rule 5.2.1. Upon the Court's order, such Documents or information ordered restricted from public access or ordered redacted shall be sealed and not be available for public access. If the Court orders redaction of information contained in a Document, a redacted version of the Document shall be filed in the case file along with a copy of the Court's Order allowing the Document to be redacted. Entire Documents restricted from

public access or information ordered redacted from Documents shall be filed with the Court in the manner prescribed by Local Rule 5.2.1.

9. No Party concedes that any Discovery Material designated by any other Party as Protected Material does in fact constitute Protected Material, or has been properly designated as Protected Material. The party designating material as "CONFIDENTIAL" bears the burden of demonstrating that the designation is justified. In the event that the non-designating party disagrees with any designation, the designating party will institute the Court's discovery dispute procedures within five (5) days of notification by the non-designating party. Any Party may at any time move for (i) modification of this Order or (ii) relief from the provisions of this Order with respect to specific Protected Material, including the use of Protected Material as exhibits at depositions of non-parties to these actions or at depositions of Persons who are not employees or agents of Parties to these actions. In addition, the Parties may agree in writing or on the record to necessary modifications of this Order.

10. Any failure or omission to designate Discovery Material as Protected Material does not waive a Party's right to subsequently designate Discovery Material as Protected Material upon notice to the other Party.

11. A Party shall not be obligated to challenge the propriety of the designation of Discovery Material as Protected Material at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If a Party objects to another Party's designation of a Document or other tangible item or deposition testimony as Protected Material, the objecting Party shall notify the Designated Party in writing of the basis of the objecting Party's objection to the designation. The Parties shall confer in good faith in an attempt to resolve such objection by agreement. Failing such agreement, a Party may bring the dispute to the Court's attention

by filing an appropriate motion in accordance with the Federal Rules of Civil Procedure, the Court's rules, and/or any order(s) issued by the Court. While any such dispute or motion is pending, the Discovery Material in question shall continue to be treated as Protected Material pursuant to this Order.

12. If a Party inadvertently Discloses any Document or thing containing information that it deems CONFIDENTIAL without designating it pursuant to this Order, the disclosing Party shall promptly upon discovery of such inadvertent disclosure inform the receiving Party in writing, forwarding a replacement copy of the inadvertently Disclosed material properly marked with the appropriate confidentiality designation. The receiving Party shall thereafter treat the information as if it had been properly marked from the outset and shall make a reasonable effort to retrieve and destroy the unmarked version of the inadvertently Disclosed material. Disclosure by the receiving Party to unauthorized persons before being notified of the inadvertent disclosure shall not constitute a violation of this Order. Nothing in this Order shall preclude the receiving Party from challenging the confidentiality designation of the late-marked material pursuant to the provisions of paragraph 11.

13. Consistent with Federal Rule of Evidence 502, if information subject to a claim of attorney-client privilege or attorney work product (or any other applicable privilege or immunity protective of otherwise relevant information from disclosure) is inadvertently produced in this Action, such inadvertent production shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other claim of privilege or immunity that the Party or its counsel otherwise has, regardless of whether the inadvertently produced information is Protected Material, as to the information inadvertently produced or the subject matter thereof. If a claim of inadvertent production is

made, then pursuant to this paragraph, the receiving Party must return to the producing Party the information as to which the claim of inadvertent production has been made and all copies thereof within five (5) calendar days of notice of the inadvertent production and the receiving Party and its counsel shall not review, evaluate, or otherwise use the information or summaries or notes thereof for any purpose whatsoever until further order of the Court. The receiving Party may thereafter move the Court for an order compelling production or permitting its use of the information at issue, but that motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production. If the receiving Party recognizes that it has received Discovery Material that, based upon a reasonable interpretation, is subject to any of the privileges discussed in this paragraph, it shall promptly notify the producing Party.

14. The Parties do not waive the attorney-client privilege by producing any Discovery Material in this Action, including Discovery Material containing client-identifying information.

15. If Protected Material in the possession of any receiving Party is subpoenaed by any court, by any administrative or legislative body, or by any other person purporting to have authority to subpoena such information, or is the subject of any discovery request under Rules 30-36 of the Federal Rules of Civil Procedure or any comparable rule of court or of any adjudicative body (such subpoena or discovery request collectively referred to as a "Third Party Request"), the Party to whom the Third Party Request is directed will not produce such information without first giving prompt written notice (including a copy of the Third Party Request) to the Outside Counsel of Record for the Designating Party, no more than three business days after receiving the Third Party Request. The Party receiving the Third Party

Request must also promptly inform in writing the party who caused the Third Party Request to issue in the other litigation that some or all the material covered by the Third Party Request is subject to this Order. The Party receiving the Third Party Request must deliver a copy of this Order promptly to the party in the other action that caused the Third Party Request to issue.

16. The Designating Party shall bear the burden and expense of seeking protection in court of its own Protected Material, and nothing in this Order should be construed as authorizing or encouraging a Party receiving a Third Party Request in this action to disobey a lawful directive from another court. Disclosure of information in response to a properly issued Third Party Request shall not constitute a violation of this Order.

17. This Order may be modified only by further order of the Court, whether sua sponte or by agreement of the parties or their Outside Counsel of Record and approval by the Court, and is without prejudice to the rights of any Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

18. This Order, insofar as it restricts the communication and use of Protected Material, shall continue to be binding throughout and after the conclusion of this Action, including any appeals. Within sixty (60) days after termination of this Action by judgment, settlement, or otherwise from which no appeal can be brought, each Party shall destroy all Documents containing or disclosing Protected Material of any other Party or return promptly to the producing Person, except that Outside Counsel of Record for the Parties need not destroy or return any Protected Material that became a part of the court record in this Action (by use as trial exhibit, inclusion in a court filing, inclusion in the record on any appeal, or otherwise) and any Documents constituting work product.

19. This Order shall remain in full force and effect and be enforceable according to its terms regardless of whether this Court shall retain jurisdiction over this Action. The Parties agree to be bound by the terms of this Order pending its entry as an order of the Court and agree that any violation of its terms shall be subject to the same sanctions and penalties as if this Order had been entered by the Court.

20. This Order may be executed in counterparts. Facsimile signatures and signatures sent via electronic mail and PDF are binding and may be used in lieu of originals.

**SO ORDERED.**

10/9/2019
Date

*/s/ Timothy S. Black*
UNITED STATES DISTRICT JUDGE

Dated: October 8, 2019						Respectfully submitted,

/s/ Russell S. Sayre
Russell S. Sayre (0047125)
Andrew A. Spievack (0098234)
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street
Suite 1800
Cincinnati, OH 45202
sayre@taftlaw.com
aspievack@taftlaw.com
T (513) 357-9304
F (513) 381-0205

*Attorneys for Plaintiff*

/s/ Barry F. Fagel
Barry F. Fagel (0060122)
Elizabeth M. Mahon (0097894)
LINDHORST & DREIDAME CO., LPA
312 Walnut Street, Ste. 3100
Cincinnati, OH 45202
bfagel@lindhorstlaw.com
emahon@lindhorstlaw.com

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION, CINCINNATI

| | |
|---|---|
| **KAIVAC, INC.**, | Case No. 1:19-cv-00410-TSB |
| Plaintiff, | |
| vs. | Judge Timothy S. Black |
| **VINCENT STILLWAGON**, | |
| Defendant. | |

## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I_____, am employed as_____ by_____.

I hereby certify that:

1. I have read the Stipulated Protective Order entered in the above-captioned action, and understand its terms.

2. I agree to be bound by the terms of the Stipulated Protective Order entered in the above-captioned action and agree to use the information provided to me only as explicitly provided in this Stipulated Protective Order.

3. I understand that my failure to abide by the terms of the Stipulated Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4. I submit to the jurisdiction of the United States District Court for the Southern District of Ohio solely for the purpose of enforcing the terms of the Stipulated Protective Order in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

5.  I make this certification this _____ day of _____, 20____.


                                        _____
                                                     SIGNATURE