UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KAIVAC, INC.,
        Plaintiff,

v.

VINCENT STILLWAGON,
        Defendant.

Case No. 1:19-cv-410
JUDGE DOUGLAS R. COLE

**OPINION AND ORDER**

This cause comes before the Court on Plaintiff Kaivac, Inc.'s August 25, 2022, Motion for Summary Judgment on Damages and Attorneys' Fees ("2d Mot. for Summ. J.," Doc. 43) against Defendant Vincent Stillwagon. For the reasons set out briefly below, the Court **GRANTS** Kaivac, Inc.'s Motion (Doc. 43), and **DIRECTS** the Clerk to **ENTER JUDGMENT** in Kaivac Inc.'s favor against Stillwagon in the amount of $35,882.35 in compensatory damages and $102,388.75 in attorneys' fees, for a total of $138,271.10.

On May 30, 2019, Kaivac, Inc. ("Kaivac") filed this suit against Stillwagon. (Compl., Doc. 1). Kaivac alleged Stillwagon, then a recently terminated employee, improperly accessed and deleted custom video content on Kaivac's YouTube channel. (Daley Expert Rep., Doc. 29-1, #290–91, #298–99). In its Amended Complaint, filed on January 2, 2020, Kaivac asserted five claims against Stillwagon: (1) violation of the Computer Fraud and Abuse Act under 18 U.S.C. §§ 1030(a)(5) and 1030(g); (2) intentional interference with business relationships; (3) civil liability for vandalism under O.R.C. §§ 2307.70 and 2909.05; (4) breach of contract; and (5) intentional

spoliation of evidence. (Doc. 24, #206–11). On May 13, 2020, Kaivac moved for summary judgment as to liability and attorneys' fees for claims one, three, four, and five. (Mot. for Summ. J., Doc. 30, #426).

On January 19, 2021, the Court granted Kaivac's Motion for Summary Judgment as to liability on Kaivac's first, third, and fourth claims.[1] (Op., Doc. 36, #497). Moreover, the Court agreed that Kaivac was entitled to reasonable attorneys' fees based on its vandalism claim under Ohio Revised Code § 2307.70(A). (Op., Doc. 36, #509). At that time, however, the Court noted that Kaivac still needed to prove the actual amount of damages Kaivac suffered and the reasonableness of the legal fees Kaivac incurred. (*Id.* at #510–11). After issuing its Opinion, the Court held multiple status conferences with the parties to discuss how to most efficiently determine damages and fees. Those efforts became more complicated when, on June 9, 2021, Stillwagon's counsel moved to withdraw based on Stillwagon's refusal to communicate with counsel. (Doc. 39). The Court granted that motion on June 11, 2021, providing Stillwagon 30 days to obtain new counsel or inform the Court that he intended to proceed pro se. (6/11/21 Not. Ord.).

Stillwagon did neither. As a result, during a telephonic status conference that Stillwagon attended on September 17, 2021, the Court again directed Stillwagon to inform the Court, this time by September 22, 2021, whether he would obtain new

---

[1] The Court concluded that Kaivac had not demonstrated an entitlement to summary judgment with respect to its intentional spoliation of evidence claim. (Doc. 36, #512).

2

counsel or proceed pro se. Stillwagon did not contact the Court by September 22, 2021—indeed, the Court has not heard from him since.

On May 25, 2022, the Court held another telephonic status conference. Stillwagon did not appear, nor did counsel appear on his behalf. Because the only remaining issues are damages and fees, the Court invited Kaivac to move for summary judgment on those issues. On August 25, 2022, Kaivac did so. (Doc. 43). In its Motion, Kaivac requested $35,882.35 in compensatory damages and $102,388.75 in fees.[2] (2d Mot. for Summ. J., Doc. 43-1, #567). Accompanying its Motion, Kaivac filed exhibits supporting its requested attorneys' fees, including an affidavit from its attorney, Russell S. Sayre, explaining the work performed (Doc. 42-1), an opinion concerning the reasonableness of the fees (Doc. 42-2), and billing records of the hours worked (Doc. 42-3).

That same day, Kaivac filed a Notice on the Court's docket (and also served Stillwagon by mail) informing Stillwagon that Kaivac had filed a motion for summary judgment. (Doc. 44). That notice also informed Stillwagon that Kaivac's "motion may be granted, and damages and fees awarded, without further notice if you do not oppose the motion by filing an opposition brief." (Doc. 44, #592). Moreover, the notice also correctly informed Stillwater that, under the Court's rules, he "must file [his] opposition brief … WITHIN 21 DAYS of the date of service of [Kaivac's] motion for

---

[2] Kaivac also claims it incurred $10,482.50 in expert's fees. (Doc. 43-2, #590). However, Kaivac does not request this fee in its Motion for Summary Judgment. (*See* Doc. 43-1, #577). Accordingly, the Court only considers Kaivac's request for damages and attorneys' fees.

3

summary judgment." (*Id.* (emphasis original)). More than 21 days have now passed, and Stillwagon has not responded. The matter is thus ripe.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). Once the movant presents evidence that meets its burden, the nonmoving party may not rest on its pleadings but must come forward with significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347. If the nonmoving party fails to make the necessary showing for an element upon which it has the burden of proof, then the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. A moving party may receive summary judgment as to an amount of damages following a finding of liability. *Alliant Tax Credit Fund 31-A, Ltd. v. Murphy*, 494 F. App'x 561, 571 (6th Cir. 2012).

Because the moving party bears the initial burden, even if the nonmoving party "offer[s] no timely response to [a] motion for summary judgment, the District Court [may] not use that as a reason for granting summary judgment without first examining all the materials properly before it under Rule 56(c)." *Smith v. Hudson*, 600 F.2d 60, 65 (6th Cir. 1979). "Therefore, even where a motion for summary judgment is unopposed a district court must review carefully the portions of the record submitted by the moving party to determine whether a genuine dispute of

4

material fact exists." *Turecky v. Boomtwon Ent., LLC*, No. 1:15-cv-527, 2018 WL 1566661, at *1 (S.D. Ohio Mar. 30, 2018) (citing *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 629 (6th Cir. 2014)); *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (6th Cir. 2013). That said, "[w]hen a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (citing *Celotex*, 477 U.S. at 322–23); *see e.g.*, *Wilson v. Buchanan Excavating*, No. 2:14-cv-1397, 2015 WL 6155876, at *2 (S.D. Ohio Oct. 20, 2015). And if the nonmovant fails to point out a question of fact, "reliance on the facts advanced by the movant is proper and sufficient." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992). At bottom, if the nonmoving party "neglect[s] to respond to [the moving party's] motion for summary judgment," the nonmoving party "forfeit[s] any objection" that it otherwise may have made "to the motion." *Jenkins v. Foot Locker Inc.*, 598 F. App'x 346, 348 (6th Cir. 2015).

In its Motion, Kaivac claims entitlement to $35,882.35 in compensatory damages and $102,388.75 in attorneys' fees. Stillwagon, as noted, failed to respond or object. Indeed, Stillwagon has expressed little continuing interest in this litigation. Under the above framework, though, the Court nonetheless has an independent obligation to ensure Kaivac has adequately demonstrated an entitlement to summary judgment. Accordingly, the Court has reviewed Kaivac's filings and exhibits, and the

5

Court agrees Kaivac's requested amounts of damages and fees are justified and reasonable.

First, Kaivac has shown that the permanently deleted videos and the resulting lost revenue cost the company at least a combined $35,882.35.[3] (Am. Compl., Doc. 24, #197; Metzler Decl., Doc. 29-2, #336, 340–41). According to Kaivac, it produced 32 videos at an aggregate cost of over $75,000, and Stillwagon destroyed fourteen of them. (Doc. 43-1, #570). Kaivac thus asserts that its damages are 14 divided by 32, or 43.75%, of the $75,000. (*Id.*). Somewhat confusingly, that multiplication would lead to damages of $32,812.50, and Kaivac instead claims $30,882.35, nor does it explain the discrepancy. But in any event, this method produces, at best, a rough estimate of damages. Kaivac has not provided evidence showing that each of the 32 videos cost the same to produce, or that replacing a given video would cost the same as the initial production. In other words, Stillwagon may have had arguments he could press—had he chosen to do so. Absent any argument to the contrary, though, Kaivac's approach to calculating damages strikes the Court as a fair (perhaps even low, given the mathematical error) estimate. Thus, the Court awards the requested $30,882.35 in property damage costs.

Separately, Kaivac claims $5000 in lost revenue from the videos being offline, and from the resources Kaivac expended in its investigation. It supports this with an

---

[3] Back when Stillwagon was still appearing, he believed it "doubtful" Kaivac paid $75,000 for the 34 videos listed on its YouTube channel (of which he deleted 14). (Doc. 34-1, #459–60). Yet to substantiate this allegation, Stillwagon merely suggests: "If Kaivac ascribed value to the videos, it would have protected them more carefully." (*Id.*). Absent a *factual* showing by Stillwagon, the Court does not believe such a strawman argument creates a genuine issue of material fact as to the videos' value. *See Guarino*, 980 F.2d at 404.

affidavit from Karl Metzler, the creative media manager at Kaivac. (Doc. 29-2, #334). Again, one could perhaps quibble with some aspects of the affidavit, but Stillwagon failed to do so. Accordingly, the Court finds the $5000 figure to be a fair (and again likely conservative) estimate of the direct operational damages Stillwagon caused Kaivac. Thus, the Court awards total compensatory damages of $35,882.35.

Then there is the issue of attorneys' fees. To start, despite having prevailed on only three of its five claims, Kaivac requests recovery of all its fees (at least those incurred through summary judgment). The Court agrees with Kaivac, though, that this is a permissible approach. As Kaivac correctly observes, "[w]hen claims 'involve a common core of facts' or are 'based on related legal theories,' the plaintiff who prevails on only some claims does not suffer a reduction in fees." (2d Mot. for Summ. J., Doc. 43-1, #574 (quoting *Jordan v. City of Cleveland*, 464 F.3d 584, 603 (6th Cir. 2006)). That was the case here.

In terms of amount, as the Court noted in its previous Opinion, Kaivac already had "submitted multiple declarations attesting to the fact that it incurred $102,338.75 in attorneys' fees in maintaining this action" through the date of the Court granting summary judgment on liability. (Op., Doc. 36, #510). However, the Court also observed that Kaivac had yet to address reasonableness. Kaivac has now filled that gap. It has provided time records showing the hours each attorney worked, the tasks they performed, and the hourly rates they charged. (Doc. 42-3). If anything, those time records reflect fees of *more than* $102,338.75. And based on the Court's review, the hours are prima facie reasonable (again, Stillwagon has elected not to

7

argue otherwise). Offering further evidence of that, Kaivac has submitted an expert report opining that the hourly rates are reasonable, the level of work was reasonable, and that, if anything, the amount of fees and expenses reasonably incurred was actually well north of the $102,338.75 Kaivac now seeks.[4] (Doc. 42-2, #544–46).

In sum, Kaivac's Motion has been "properly made and supported," while Stillwagon has "fail[ed] to respond with a showing sufficient to establish an essential element of its case." *Stansberry*, 651 F.3d at 486. Therefore, Kaivac has met its burden of showing the absence of a genuine issue of material fact as to damages and fees, making Kaivac entitled to summary judgment. *See PNC Equip. Fin., LLC v. Rose*, No. 1:13-cv-471, 2015 WL 12532122, at *1 (S.D. Ohio Feb. 2, 2015); *Wilson*, 2015 WL 6155876, at *2.

For the reasons set forth above, the Court **GRANTS** Kaivac, Inc.'s Motion for Summary Judgment for Damages and Attorneys' Fees (Doc. 43). Accordingly, the Court **DIRECTS** the Clerk to **ENTER JUDGMENT** in favor of Kaivac, Inc., and against Vincent Stillwagon in the amount of $35,882.35 in compensatory damages and $102,388.75 in attorneys' fees, for a total of $138,271.10, and to **TERMINATE** this matter on the Court's docket.

---

[4] At least part of the difference between the fees requested and those reflected in the expert's opinion can be explained by the expert apparently including paralegal fees, while Kaivac appears not to be requesting recovery of such fees. The expert also discusses litigation expenses, but Kaivac does not request those in its Motion.

**SO ORDERED.**

October 12, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

9